Sean Hecker (*pro hac vice*)
Derek Wikstrom (*pro hac vice*)
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, Suite 7110
New York, NY 10118
Tel: (212) 763-0883
shecker@kaplanhecker.com
dwikstrom@kaplanhecker.com

Josh A. Cohen (SBN 217853)
Adam F. Shearer (SBN 279073)
CLARENCE DYER & COHEN LLP
899 Ellis Street
San Francisco, CA 94109
Tel: (415) 749-1800
Fax: (415) 749-1694
jcohen@clarencedyer.com
ashearer@clarencedyer.com

Attorneys for Defendant
ROBERT BOGUCKI

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR-18-0021 CRB |
| Plaintiff, | **DEFENDANT'S MOTION TO COMPEL PRODUCTION OF GRAND JURY LEGAL INSTRUCTIONS** |
| v. | Pretrial Conference: January 22, 2019 |
| ROBERT BOGUCKI, | |
| Defendant. | |

    PLEASE TAKE NOTICE that at the pretrial conference, or as soon thereafter as this matter may be heard, in the courtroom of the Honorable Charles R. Breyer, United States District Judge, Defendant Robert Bogucki will, and hereby does, move to compel the government to produce the legal instructions given to the grand jury in the above-captioned action.

    This motion is based on the supporting memorandum of law, the pleadings and records on

file in this matter, and such evidence and argument as may be presented prior to and at the hearing on this motion.

Dated:  January 10, 2019				Respectfully submitted,

							KAPLAN HECKER & FINK LLP

							By   /s/
							     Sean Hecker
							     Derek Wikstrom


							CLARENCE DYER & COHEN LLP

							By   /s/
							     Josh A. Cohen
							     Adam F. Shearer

							Attorneys for Defendant Robert Bogucki

The government's misappropriation and omissions theories of wire fraud have been a moving target. But the various versions of these theories the government has propounded share a common thread: they are mistaken on the law. The government's repeated misstatements about the legal requirements for a fraud case premised on misappropriation or omissions raise serious concerns about whether the Superseding Indictment (Dkt. 54) was returned by a grand jury properly instructed on the law.

Courts in the Ninth Circuit have recognized that defendants are entitled to receive the legal instructions given to the grand jury even without a showing of particularized need like that required to obtain substantive grand jury testimony. But even if such a showing were required, Mr. Bogucki could make it here. The Court should therefore order the government to turn over the legal instructions given to the grand jury.

## ARGUMENT

Although Federal Rule of Criminal Procedure 6 contains secrecy provisions applicable to grand jury proceedings, it does not completely immunize them from discovery in a criminal case. As the Ninth Circuit has long recognized: "The proceedings before the grand jury are secret, but the ground rules by which the grand jury conducts those proceedings are not." *United States v. Alter*, 482 F.2d 1016, 1029 n.21 (9th Cir. 1973). And Rule 6 permits disclosure of grand jury materials where "a ground *may exist* to dismiss the indictment because of a matter that occurred before the grand jury." Fed. R. Crim. P. 6(e)(3)(E)(ii) (emphasis added). The government should be compelled to turn over the legal instructions it gave to the grand jury.

I.   **Grand Jury Legal Instructions Are Not Secret**

Requests for legal instructions given to the grand jury are treated differently than requests for substantive testimony. The legal instructions are ministerial in nature—they are the "ground rules" by which the grand jury conducts proceedings—and thus they are not subject to Rule 6's secrecy provisions. *Alter*, 482 F.2d at 1029 n.21 (noting that the defendant "was entitled to know the content of the court's charges to the grand jury"); *see also, e.g., United States v. Diaz*, 236 F.R.D. 470, 477-78 (N.D. Cal. 2006) (granting motion for disclosure of grand jury instructions, and explaining that "such instructions do not fall within the bar of Rule 6(e) because their

disclosure would not reveal the substance or essence of the grand jury proceedings," and the disclosure "poses no security threat to past, current or prospective jurors").

Relying on *Alter*, courts have recognized that defendants are entitled to the transcript of the instructions and charges to the grand jury without first making a showing of particularized need. *See, e.g.*, *United States v. Belton*, No. 14-cr-00030-JST, 2015 WL 1815273, at *3 (N.D. Cal. Apr. 21, 2015) ("Defendant is entitled to disclosure of these instructions even without a showing of particularized need. The Court therefore orders the Government to disclose to the Defendant the legal instructions it gave to the grand jury."); *United States v. Fuentes*, No. CR.S-07-0248 WBS, 2008 WL 2557949, at *4 (E.D. Cal. June 24, 2008) ("The government opposes this request [for a transcript of the instructions and charges to the grand jury] on the grounds that the defendants have not made a showing of particularized need. The argument is unpersuasive. The defendants are entitled to the transcript of the instructions and charges to the grand jury." (collecting cases)). The request for disclosure of the legal instructions the government gave to the grand jury is thus uncontroversial and should be granted.

## II. The Grand Jury May Have Been Mis-Instructed, Necessitating Dismissal

Even if a showing of particularized need *were* required, that showing could be made here. A presumption of regularity attaches to grand jury proceedings, *see, e.g.*, *Hamling v. United States*, 418 U.S. 87, 139 n.23 (1974), and the government's conduct is subject to relatively few strictures. But the government cannot offer false testimony or incorrect legal instructions. If it does so, and thereby "deceive[s]" a grand jury and stymies its ability "to exercise independent judgment," dismissal may be appropriate. *United States v. Wright*, 667 F.2d 793, 796 (9th Cir. 1982) (citing *United States v. Cederquist*, 641 F.2d 1347, 1352-53 (9th Cir. 1981)); *see also Bank of Nova Scotia v. United States*, 487 U.S. 250, 256 (1988) (dismissal of an indictment is appropriate where grand jury defects leave "grave doubt that the decision to indict was free from the substantial influence" of the errors (internal quotation marks and citations omitted)).

Courts have dismissed indictments where the government's erroneous instructions to the grand jury cast doubt on the decision to indict. For instance, in *United States v. Stevens*, 771 F. Supp. 2d 556, 567-68 (D. Md. 2011), the district court dismissed an indictment where the

government erroneously instructed the grand jury that an advice of counsel defense was not relevant at the charging stage.[1]  Similarly, in *United States v. Peralta*, 763 F. Supp. 14, 19-21 (S.D.N.Y. 1991), the district court dismissed an indictment where it found that the prosecutors' "instructions to the grand jury on constructive possession in this case seriously misstated the applicable law."  And it was enough, in both cases, that the instructions were wrong.  Neither *Stevens* nor *Peralta* involved findings of misconduct—indeed, in *Stevens* the court affirmatively ruled it out, *see Stevens*, 771 F. Supp. 2d at 568—and we need not establish it here.

But the government has articulated shifting and legally incorrect versions of its misappropriation and omissions theory, as we have detailed in numerous briefs on the issue.  *See* Dkt. 85; Dkt. 92; Dkt. 102; Dkt. 105; Dkt. 112; Dkt. 116; Dkt. 128; Dkt. 155.  To take just the most recent example, the government informed the Court a few weeks ago that it could proceed on a misappropriation theory based on the mere existence of a confidentiality agreement: "Our basic position is the law does not require us to prove a fiduciary duty in order for a defendant to be liable for misappropriating someone's confidential information. . . . And the reason is because Mr. Bogucki guaranteed confidentiality verbally, and HP and Barclays had a confidentiality agreement in writing . . . we're saying that Mr. Bogucki misappropriated the confidential information of Hewlett-Packard in violation of his express conversation, and of the agreement."  Nov. 27, 2018 Hrg. Tr. at 20, 22.  The government doubled down on that position after the hearing, arguing that under *Carpenter v. United States*, 484 U.S. 19 (1987), a misappropriation theory could lie when the defendant "acquires special knowledge or information by virtue of a confidential *or* fiduciary

---

[1] The *Stevens* court relied specifically on an incorrectly answered grand juror question about the legal implications of the relevant defense: "The Court has grave doubts as to whether the decision to indict was free from the substantial influence of the improper advice of counsel instruction.  A grand juror explicitly asked about the legal implications of Stevens' reliance on the advice of others . . . ." *Stevens*, 771 at 568 (citing *Bank of Nova Scotia*, 487 U.S. at 256).  As Mr. Bogucki has previously noted, the grand jury asked similar questions of the government here—asking during a colloquy about trading ahead "is it illegal to do that?" (*see* Dkt. 121 at 7-8).  As in *Stevens*, it is appropriate here to find out how the government's legal instructions answered that question.

relationship," meaning that "a confidentiality agreement, <u>in and of itself</u>, gives rise to the sort of duty that is necessary to support liability under the misappropriation theory of fraud." Dkt. 127 at 4 (first quote quoting *Carpenter*, 484 U.S. at 27-28). As explained in a separate recently filed motion, Dkt. 155, the government may have backtracked from that theory, but it was a misreading of *Carpenter* and a plain misstatement of the law. The Supreme Court interprets *Carpenter* as follows: "[t]he undisclosed misappropriation of [confidential] information, *in violation of a fiduciary duty*, the Court said in *Carpenter*, constitutes fraud akin to embezzlement." *United States v. O'Hagan*, 521 U.S. 642, 654 (1997) (emphasis added). And the "confidential or fiduciary relationship" language the government quoted from *Carpenter* was a quote from *Diamond v. Oreamuno*, 25 N.Y.2d 494, 497-98 (1969), which described the rule it stated as "merely a corollary of the broader principle, inherent in the nature of the fiduciary relationship, that prohibits a trustee or agent from extracting secret profits from his position of trust."

      It is no great stretch to fear that government lawyers who have misinterpreted the law in briefs submitted to this Court might have similarly misstated the law in instructing the grand jury. That possibility alone is more than sufficient to require disclosure of the legal instructions the grand jury received. The Court should grant the motion to compel.

## **CONCLUSION**

      For the foregoing reasons, the motion to compel should be granted.

Dated: January 10, 2019

Respectfully submitted,

KAPLAN HECKER & FINK LLP

By /s/
Sean Hecker
Derek Wikstrom

CLARENCE DYER & COHEN LLP

By /s/
Josh A. Cohen
Adam F. Shearer

Attorneys for Defendant Robert Bogucki

4

Case No. CR-18-0021 CRB

DEFENDANT'S MOTION TO COMPEL PRODUCTION OF GRAND JURY LEGAL INSTRUCTIONS