Sean Hecker (*pro hac vice*)
Derek Wikstrom (*pro hac vice*)
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, Suite 7110
New York, NY 10118
Tel: (212) 763-0883
shecker@kaplanhecker.com
dwikstrom@kaplanhecker.com

Josh A. Cohen (SBN 217853)
Adam F. Shearer (SBN 279073)
CLARENCE DYER & COHEN LLP
899 Ellis Street
San Francisco, CA 94109
Tel: (415) 749-1800
Fax: (415) 749-1694
jcohen@clarencedyer.com
ashearer@clarencedyer.com

Attorneys for Defendant
ROBERT BOGUCKI

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR-18-0021 CRB |
|       Plaintiff, | **DEFENDANT ROBERT BOGUCKI'S PROPOSED JURY INSTRUCTIONS** |
|     v. | |
| ROBERT BOGUCKI, | |
|       Defendant. | |

Defendant Robert Bogucki respectfully submits the attached proposed jury instructions. Mr. Bogucki reserves the right to propose modified or additional instructions as may become appropriate during the course of the trial.

**DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW**

(Ninth Circuit Model Instruction 3.1)

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case.  A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not.  You must decide the case solely on the evidence and the law.  Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you.  You should also not be influenced by any person's race, color, religion, national ancestry, gender, profession, occupation, economic circumstances, or position in life or in the community.  You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important.  Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

1

2

## CHARGE AGAINST DEFENDANT NOT EVIDENCE

(Ninth Circuit Model Instruction 1.2, 3.2)

In this case, the government charges Mr. Bogucki with conspiracy to commit wire fraud as well as using the wires to execute a scheme to defraud.  The charges against Mr. Bogucki are contained in the indictment.  The indictment simply describes the charges the government brings against Mr. Bogucki.

The indictment is not evidence and does not prove anything.  Mr. Bogucki has pleaded not guilty to the charges.  Mr. Bogucki is presumed to be innocent unless and until the government proves that he is guilty beyond a reasonable doubt.  In addition, Mr. Bogucki does not have to testify or present any evidence to prove his innocence.  The government has the burden of proving every element of the charges beyond a reasonable doubt.

## DEFENDANT'S DECISION NOT TO TESTIFY

(Ninth Circuit Model Instruction 3.3; Tenth Circuit Model Instruction 1.08.1)

Mr. Bogucki did not testify and you cannot consider his decision not to testify as evidence of guilt. A defendant in a criminal case has an absolute constitutional right to remain silent and not to testify. This is a carefully guarded constitutional right, and you must not presume or infer guilt from the fact that a defendant does not take the witness stand and testify.

[and/or]

## DEFENDANT'S DECISION TO TESTIFY

(Ninth Circuit Model Instruction 3.4)

Mr. Bogucki has testified. You should treat this testimony just as you would the testimony of any other witness.

1

## REASONABLE DOUBT—DEFINED

2

(*United States v. Ihenacho*, Case No. 1:08-cr-10337-RGS (D. Mass), RT (1/30/12) at p. 90, line 2
through p. 91, line 12)

3

4
5
6
7
8

What is "proof beyond a reasonable doubt"?  The term is often used and probably pretty well understood intuitively, although it is not easily defined.  Proof beyond a reasonable doubt does not mean proof beyond all possible doubt or proof to a mathematical certainty, for almost everything in our common experience is open to some possible or imaginable doubt.  It does, however, mean that the evidence must exclude any reasonable doubt as to Mr. Bogucki's guilt.  A reasonable doubt may arise not only from the evidence produced, but also from the lack of relevant evidence.  Reasonable doubt exists when, after weighing and considering all of the evidence in the case, using your reason and common sense, you cannot say that you have a firm and settled conviction that a charge is true.

9
10
11
12
13

A defendant is never to be convicted based on mere suspicion or conjecture. If, for example, you were to view the evidence in the case as reasonably permitting either of two conclusions - one that a defendant was guilty of a crime charged, and the other that he is not guilty of a crime charged, then it follows that you would be required to find him not guilty as to the particular charge at issue.  It is not enough for the government to establish a probability, even a strong probability, that a defendant is guilty. That is not enough.

14
15
16
17

Proof beyond a reasonable doubt must be proof of such a convincing character that you can, consistent with your oath as jurors, conscientiously base your verdict upon it.  If you so find as to any or all of the charges against Mr. Bogucki, you will return a verdict of guilty.  If, however, you think that there is a real possibility that Mr. Bogucki is not guilty of any or all of the charges in the indictment, then you must give him the benefit of that doubt and find him not guilty of the charge under consideration.

18
19
20
21
22
23
24
25
26
27
28

Case No. CR-18-0021 CRB
DEFENDANT ROBERT BOGUCKI'S PROPOSED JURY INSTRUCTIONS

# WHAT IS EVIDENCE

(Ninth Circuit Model Instruction 3.6)

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness; and

(2) the exhibits received in evidence; and

(3) any facts to which the parties have agreed in stipulations.

Case No. CR-18-0021 CRB
DEFENDANT ROBERT BOGUCKI'S PROPOSED JURY INSTRUCTIONS

# WHAT IS NOT EVIDENCE

(Ninth Circuit Model Instruction 3.7)

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence and you may not consider them in deciding what the facts are:

1. Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening and closing statements and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2. Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence. In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.

3. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

# DIRECT AND CIRCUMSTANTIAL EVIDENCE

(Ninth Circuit Model Instruction 3.8)

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence.  Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

Case No. CR-18-0021 CRB
DEFENDANT ROBERT BOGUCKI'S PROPOSED JURY INSTRUCTIONS

**ACTIVITIES NOT CHARGED**

(Ninth Circuit Model Instruction 3.10, revised)

You are here only to determine whether the government has proved beyond a reasonable doubt that Mr. Bogucki is guilty or not guilty of the charges in the indictment. Mr. Bogucki is not on trial for any conduct or offense not charged in the indictment.

# CREDIBILITY OF WITNESSES

## (Ninth Circuit Model Instruction 3.9)

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)     the opportunity and ability of the witness to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case, if any;

(5)     the witness's bias or prejudice, if any;

(6)     whether other evidence contradicted the witness's testimony;

(7)     the reasonableness of the witness's testimony in light of all the evidence; and

(8)     any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said.  Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify to that fact.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

# MISSING MATERIAL WITNESS

(Ninth Circuit Model Instruction 4.13)

The government has failed to produce one or more witnesses whose testimony would have been material to an issue in this case.  You are allowed to infer that their testimony would have been favorable to the defendant.

**OPINION EVIDENCE, EXPERT WITNESS**

(Ninth Circuit Model Instruction 4.14)

You have heard testimony from [X] who testified to opinions and the reasons for his opinions. This opinion testimony is allowed because of the education or experience of this witness.

Such opinion testimony should be judged like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

**SUMMARIES NOT RECEIVED IN EVIDENCE**

(Ninth Circuit Model 4.16)

During the trial, certain charts and summaries were shown to you in order to help explain the evidence in the case. These charts and summaries were not admitted in evidence and will not go into the jury room with you. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

[and/or]

**CHARTS AND SUMMARIES IN EVIDENCE**

(Ninth Circuit Model Instruction 4.17)

Certain charts and summaries have been admitted in evidence. Charts and summaries are only as good as the underlying supporting material. You should, therefore, give them only such weight as you think the underlying material deserves.

# SEPARATE CONSIDERATION OF MULTIPLE COUNTS

(Ninth Circuit Model Instruction 3.11)

A separate crime is charged against Mr. Bogucki in each count. You must decide each count separately. Your verdict on one count should not control your verdict on any other count.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NO AGENCY RELATIONSHIP**

(*United States v. Litvak*, 3:13-cr-00019-JCH (D. Conn.), Dkt. 523 (Filed 01/13/17) at 37; *United States v. Shapiro*, 3:15-cr-00155-RNC (D. Conn), Dkt. 462 (Filed 8/17/17) at 2673)

In the law, a person is an agent if he is authorized to act on behalf of another, known as a principal.  An agent owes certain duties, sometimes known as fiduciary duties, to his principal.  For example, an investment advisor or lawyer or real estate agent may owe a special duty of loyalty or duty to act in the best interests of his or her client.

I instruct you that, as a matter of law, neither Mr. Bogucki nor Barclays acted as an agent or fiduciary of HP in the transactions at issue in this case.  Rather, Barclays acted in its own self-interest, as a principal and as a counter-party to HP in the sale of HP's options.  As a Barclays employee, Mr. Bogucki acted as an agent of Barclays, not of HP, and therefore had a duty to act in the interest of Barclays.  Mr. Bogucki owed no duty of loyalty or confidentiality to HP.

1

2

**WIRE FRAUD
(COUNTS TWO THROUGH SEVEN)**

3

(Ninth Circuit Model Instruction 8.124; *United States v. Chandler*, 658 F. App'x 841, 846 (9th Cir. 2016) (unpublished); *United States v. Johnson*, 16-CR-457 (NGG) (E.D.N.Y. Oct. 19, 2017))

4

5

6

Mr. Bogucki is charged in Counts Two, Three, Four, Five, Six, and Seven of the indictment with wire fraud.  In order for Mr. Bogucki to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

7

8

First, Mr. Bogucki knowingly participated in, devised, or intended to devise a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises;

9

10

Second, the statements made as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

11

Third, Mr. Bogucki acted with the intent to defraud, that is, the intent to deceive or cheat; and

12

13

Fourth, Mr. Bogucki used, or caused to be used, an interstate or foreign wire communication to carry out or attempt to carry out an essential part of the scheme.

14

15

In determining whether a scheme to defraud exists, you may consider not only Mr. Bogucki's words and statements, but also the circumstances in which they are used as a whole.

16

17

A wiring is caused when one knows that a wire will be used in the ordinary course of business or when one can reasonably foresee such use.

18

19

20

It need not have been reasonably foreseeable to Mr. Bogucki that the wire communication would be interstate or foreign in nature.  Rather, it must have been reasonably foreseeable to Mr. Bogucki that some wire communication would occur in furtherance of the scheme, and an interstate or foreign wire communication must have actually occurred in furtherance of the scheme.

21

22

23

24

25

26

27

28

**AIDING AND ABETTING**
**(COUNTS TWO THROUGH SEVEN)**

(Ninth Circuit Model Instruction 5.1)

A defendant may be found guilty of wire fraud, even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission. To prove Mr. Bogucki guilty of wire fraud, the government must prove each of the following beyond a reasonable doubt:

First, someone else committed wire fraud;

Second, Mr. Bogucki aided, counseled, commanded, induced or procured that person with respect to at least one element of wire fraud;

Third, Mr. Bogucki acted with the intent to facilitate wire fraud; and

Fourth, Mr. Bogucki acted before the crime was completed.

It is not enough that Mr. Bogucki merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime. The evidence must show beyond a reasonable doubt that Mr. Bogucki acted with the knowledge and intention of helping that person commit wire fraud.

A defendant acts with the intent to facilitate the crime when the defendant actively participates in a criminal venture with advance knowledge of the crime and having acquired that knowledge when the defendant still had a realistic opportunity to withdraw from the crime.

# CONSPIRACY TO COMMIT WIRE FRAUD
## (COUNT ONE)

(18 U.S.C. § 1343; *Neder v. United States*, 527 U.S. 1, 25 (1999); *United States v. Green*, 592 F.3d 1057, 1067 (9th Cir. 2010); Ninth Circuit Model Instruction 8.20)

Mr. Bogucki is charged in Count One of the indictment with conspiring to commit wire fraud. In order for Mr. Bogucki to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning on or about August 2011 and ending on or about October 2011, Mr. Bogucki entered into a conspiracy to devise a scheme or plan to defraud as to a material matter, or a scheme or plan for obtaining money or property by means of materially false or fraudulent pretenses, representations, or promises;

Second, Mr. Bogucki became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it;

Third, one of the members of the conspiracy performed at least one overt act on or after August 2011 for the purpose of carrying out the conspiracy.

I shall discuss with you briefly the law relating to each of these elements.

A conspiracy is a kind of criminal partnership – an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, or merely by knowing that a conspiracy exists.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### AFFECTING A FINANCIAL INSTITUTION

(*United States v. Stargell*, 738 F.3d 1018, 1022-23 (9th Cir. 2013); *United States v. Bouyea*, 152 F.3d 192, 195 (2d Cir. 1998); Dkt. 82, p.11-13 (citing *Waucaush v. United States*, 380 F.3d 251, 255 (6th Cir. 2004)); *Jones v. United States*, 529 U.S. 848, 854-57 (2000))

For each count, the government must prove that the crime alleged in the indictment "affected" a financial institution.  A financial institution is "affected" only if the government proves the following two elements beyond a reasonable doubt:

First, that a financial institution suffered an actual loss or, at a minimum, a new or increased risk of loss; and

Second, that there exists a direct link between the crime alleged in the indictment and the effect on the financial institution.

# KNOWINGLY—DEFINED

(Ninth Circuit Model Instruction 5.7)

An act is done knowingly if Mr. Bogucki is aware of the act and does not act through ignorance, mistake, or accident.  The government is not required to prove that Mr. Bogucki knew that his acts or omissions were unlawful.  You may consider evidence of Mr. Bogucki's words, acts, or omissions, along with all the other evidence, in deciding whether Mr. Bogucki acted knowingly.

1

**WILLFULLY—DEFINED**

2

(Ninth Circuit Model Instruction 5.5; *United States v. Johnson*, 16-CR-457 (NGG) (E.D.N.Y. Oct.

3

19, 2017))

4

   Certain allegations in the indictment require that the government prove beyond a

reasonable doubt that the defendant acted willfully.  Willfully means to act with the intent to do

5

something the law forbids; that is, with a bad purpose to disobey or disregard the law.  The

government does not have to prove that a defendant knew he was violating a particular

6

statute.  However, a defendant cannot be convicted of a crime unless the government proves that

7

he engaged in conscious wrongdoing with a sufficiently culpable state of mind to support a

criminal conviction.  A defendant's conduct is not willful if it was due to negligence, inadvertence,

8

or mistake."

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. CR-18-0021 CRB

DEFENDANT ROBERT BOGUCKI'S PROPOSED JURY INSTRUCTIONS

# INTENT TO DEFRAUD

(Ninth Circuit Model Instruction 5.12)

An intent to defraud is an intent to deceive or cheat.

DEFENDANT ROBERT BOGUCKI'S PROPOSED JURY INSTRUCTIONS

## GOOD FAITH

(*United States v. Napoli*, 10-cr-00642-CRB, Dkt. No. 1056, p. 31 (N.D. Cal. Nov. 9, 2012); *United States v. Prince*, 10-cr-00153-CRB, 2011 WL 6182387, at *3 n.3 (N.D. Cal. Dec. 13, 2011); *United States v. Amlani*, 111 F.3d 705, 717-18 (9th Cir. 1997); *United States v. French*, 748 F.3d 922, 938 (9th Cir. 2014); *United States v. Benny*, 786 F.2d 1410, 1417 (9th Cir. 1986))

Good faith is a complete defense to the charges of wire fraud and conspiracy to commit wire fraud. While the term "good faith" has no precise definition, it means, among other things, a belief or opinion honestly held, an absence of malice or ill will, and an intention to avoid taking unfair advantage of another. An honestly held opinion or an honestly formed belief cannot provide a basis for fraudulent intent—even if the opinion or belief is mistaken.

Mr. Bogucki is not required to prove good faith. The government must prove intent to defraud beyond a reasonable doubt.

When you consider this good faith defense, it is Mr. Bogucki's belief that is important. It is the sincerity of his belief that determines if he acted in good faith. If Mr. Bogucki's belief is unreasonable, you may consider that in determining his sincerity of belief, but an unreasonable belief sincerely held is good faith.

The burden is upon the government to prove, beyond a reasonable doubt, that Mr. Bogucki did not act in good faith. Unless you find beyond a reasonable doubt that the conduct charged against Mr. Bogucki was not done in good faith, you must find Mr. Bogucki not guilty of every charge.

In determining whether or not Mr. Bogucki acted in good faith you may consider all the evidence in the case which relates to that conduct.

1

**TRADING BASED ON ANTICIPATED DEMAND IS NOT ILLEGAL**

2

(*United States v. Reyes*, 06-cr-0556-1-CRB, Dkt. 1158, p. 37 (N.D. Cal. Mar. 3, 2010))

3

You have heard evidence regarding the existence of regulations permitting, or the absence of regulations prohibiting, certain trading activity.  Mr. Bogucki is not charged with trading in a way that violated any regulation, and the government is not required to prove that he violated any statute, law, or regulation apart from the charges contained in the indictment.  You may, however, consider the existence of laws, regulations, and guidance permitting the trading at issue, or the absence of laws, regulations and guidance prohibiting it, in evaluating Mr. Bogucki's intent, knowledge, willfulness, and/or good faith.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DUTY TO DELIBERATE**

(Ninth Circuit Model Instruction 7.1)

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially. Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by any person's race, color, religion, national ancestry, gender, profession, occupation, economic circumstances, or position in life or in the community.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so. During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

## CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY

(Ninth Circuit Model Instruction 7.2)

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

> Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

Case No. CR-18-0021 CRB
DEFENDANT ROBERT BOGUCKI'S PROPOSED JURY INSTRUCTIONS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**USE OF NOTES**

(Ninth Circuit Model Instruction 7.3)

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## JURY CONSIDERATION OF PUNISHMENT

(Ninth Circuit Model Instruction 7.4)

The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against Mr. Bogucki beyond a reasonable doubt.

Case No. CR-18-0021 CRB

DEFENDANT ROBERT BOGUCKI'S PROPOSED JURY INSTRUCTIONS

# VERDICT FORM

(Ninth Circuit Model Instruction 7.5)

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

# COMMUNICATION WITH COURT

(Ninth Circuit Model Instruction 7.6)

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of Mr. Bogucki, until after you have reached a unanimous verdict or have been discharged.

Dated:  January 11, 2019            Respectfully submitted,

KAPLAN HECKER & FINK LLP

By _____/s/_____
    Sean Hecker
    Derek Wikstrom


CLARENCE DYER & COHEN LLP

By _____/s/_____
    Josh A. Cohen
    Adam F. Shearer

    Attorneys for Defendant Robert Bogucki